IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS KATES, JR., : | |
| Plaintiff : | |
| VS. : | |
| : | NO. 7:06-CV-24(HL) |
| Sheriff ASHLEY PAULK, : | |
| *et al.*, : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants : | |
| : | **O R D E R** |

Plaintiff **THOMAS KATES, JR.**, a prisoner at Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He has paid the required initial partial filing fee of $18 as previously ordered by this Court.  The unpaid balance of plaintiff's filing fee is $232, which plaintiff is obligated to pay.  To that end, it is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the balance of the filing fee has been.  28 U.S.C. § 1915(b)(2).  The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. BACKGROUND*

Plaintiff was arrested on June 17, 2005.  Following his arrest, plaintiff was taken to the Lakeland City Police Department where his medications for high blood pressure, diabetes, and unspecified stomach problems were confiscated.  Plaintiff alleges that he was transferred to the Lanier County Jail the next day, where an unidentified nurse refused to administer plaintiff's

medication or to give him the proper food, even though plaintiff was shaking and in "great pain." Two hours later, plaintiff was transferred to the Lowndes County Jail. Once there, plaintiff still had not been provided with his medication and officials at that jail allegedly denied him his medication because it had not been "cleared." Plaintiff wrote Sheriff Paulk, but to no avail. At an unspecified time, presumably on June 18th, plaintiff passed out a few times, threw up, and urinated on himself as a result of being denied his medication. Plaintiff additionally alleges that his request for a lower bunk bed, because of his swollen ankles, was denied. According to plaintiff, he does not know the names of the medical staff at the Lowndes County Jail because they "shielded" their names.

Plaintiff seeks various forms of relief, including $250,000 in damages.

## II.  ORDER TO SUPPLEMENT

Although plaintiff names Sheriff Nelson as a defendant to this action, he has failed to set forth any facts that would indicate that this defendant was involved in or knew about the alleged denial of appropriate and adequate medical care. Because plaintiff is proceeding *pro se*, the Court will allow him to submit a supplemental complaint to provide such information.[1]

Regarding the allegedly responsible unnamed nurses and other medical staff, said individuals will be dismissed from this lawsuit unless plaintiff can ascertain their names. Plaintiff will have an opportunity to do so during the discovery process, at which time he can add such individuals as

---

[1] Plaintiff is advised that the mere fact that a defendant holds a supervisory position is insufficient to find them liable as there is no *respondeat superior* liability in section 1983 actions. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986). Thus, if plaintiff intends to pursue claims against Sheriff Nelson, he must explain to the Court specifically why said defendant should be liable to him in this lawsuit, whether through his personal knowledge or involvement in the alleged unconstitutional conditions or because of some other connection to the alleged conditions, such as a policy or practice that was responsible for the alleged constitutional violations. `violations.`

defendants.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only.  No other claims will be considered.  If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed.  There shall be no service of process until further order of the Court.

**SO ORDERED**, this 3rd  day of May, 2006.


/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE