IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS KATES, JR., | :<br>:<br>: |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 7:06-CV-24(HL) |
| Sheriff ASHLEY PAULK and C. N. NORTON, | :<br>:<br>: |
| Defendants. | : |

**RECOMMENDATION**

On October 20, 2006, the undersigned noting that plaintiff's mail was being returned from his last known address, ordered that he show cause within twenty (20) days why his complaint should not be dismissed. Although the twenty days have not yet expired, plaintiff's service copy of the show cause order mailed to his last known address, Wilcox State Prison, has been returned as undeliverable and marked "Inmate has been released." A review of the electronic docket for this file indicates that the last activity undertaken by the plaintiff herein occurred on June 2, 2006, when a filed a supplement to his complaint as ordered.

Plaintiff was advised in the court's initial order for service entered on July 6, 2006, that, "[d]uring the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein." A review of the Georgia Department of Corrections Inmate Database reveals that plaintiff was released on parole on August 23, 2006. He thus has not seen fit to advise the court of his current whereabouts in two and one half months.

The above chronology forces one to conclude that obtaining his freedom from incarceration dimmed his ardor to further pursue this matter as is often the case with prison inmate plaintiffs. The court has lost all contact with this plaintiff and does not know how or where to contact him.  He is not diligently prosecuting his claim as required by Federal Rule of Civil Procedure 41(b).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff.  The petitioner has taken no meaningful steps to prosecute his case since filing a supplemental complaint on June 2, 2006, and the Court has lost all contact with him. The plaintiff has had more than adequate time to commence pursuing his claim against these defendants but he has failed to do so. Based on the above findings, the court finds that lesser sanctions will not suffice herein.  Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's case be dismissed for his failure to prosecute same.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

SO RECOMMENDED, this 6th day of November 2006.

                                                         */s/ Richard L. Hodge*
                                                        RICHARD L. HODGE
                                                        UNITED STATES MAGISTRATE JUDGE